UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

**BILLY G. HAMMOND and
ANN MARIE HAMMOND,**

        Plaintiffs,                      Case No: 3:17-cv-10685

v.

**PARTNERS FOR PAYMENT RELIEF DE II, LLC,**

        Defendant.

## NOTICE OF REMOVAL

TO: All Counsel of Record

        Defendant, Partners for Payment Relief DE II, LLC ("PPR"), pursuant to 28 USC 1332, 1441 and 1446 files this Notice of Removal with respect to Case Number 17-37081-CH in the Circuit Court for Sanilac County, Michigan. In support of this Notice, Defendant states as follows:

        1.      On February 15, 2017, Plaintiff commenced a civil action against Defendant in the Circuit Court for the 24th Judicial Circuit, County of Sanilac, State of Michigan, as Case No. 17-37081-CK. "Plaintiffs' action" is pending in that court.

        2.      The action is a civil action in which the Hammonds are alleging violations by PPR of 15 U.SC. 1692 et seq., the Fair Debt Collection Practices Act (the "FDCPA), contesting the validity of a foreclosure sale initiated by PPR on its mortgage, and contesting the amount secured by the mortgage as indicated on the Sheriff's Deed, to wit: $88,286.91.

        3.      28 USC 1332 provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between – (1) Citizens of different states;..." 28 USC 1332(a)(1)

        4.      PPR received a copy of the action on or about February 15, 2016. This Notice of Removal is filed with this Court within 30 days after service of the summons and complaint upon Defendant and thus is timely under 28 USC 1446(b).

        5.      The Plaintiffs in Plaintiff's action are Billy G. Hammond and Ann Marie Hammond (the "Hammonds").

        6.      The Hammonds are residents of the State of Michigan.

        7.      PPR is the Defendant in Plaintiff's action.

8. PPR is a Delaware limited liability company with its sole business location in the State of Pennsylvania.

9. There is complete diversity of citizenship between Plaintiffs and Defendant.

10. Plaintiffs generally allege damages on their FDCPA claim(s) as "actual damages, statutory damages up to $1,000.00 per violation and actual attorney fees."

11. Plaintiffs' claims contesting the validity of the foreclosure and the amount secured by the mortgage ($81,048.23 as of the date of PPR's notice of sale and $88,286.91 as reflected on the Sheriff's Deed) coupled with its FDCPA damages claims exceed the required jurisdictional amount under 28 U.S.C. 1332.

12. Defendant, in good faith, believes that the amount in controversy exceeds $75,000, exclusive of interest and costs as required by 28 USC 1332(a) and Local Rule 81.1. In support of its good faith belief that the amount in controversy exceeds $75,000, Defendant relies on the allegations of the complaint, Plaintiff's prayer for relief, and following paragraphs of this Notice.

13. Prior to the underlying foreclosure, PPR was the holder and owner of a note and mortgage which secured to PPR the unpaid principal amount due under the note plus other fees and interest. The Hammond's personal obligations under the note were discharged in bankruptcy.

14. PPR bid $88,286.91 at the foreclosure sale - the full amount secured by the mortgage as of the date of the sale.

15. Plaintiffs' action alleges violations of the FDCPA based upon PPR's post-foreclosure sale actions in relation to a summary eviction proceeding whereby PPR is attempting to obtain possession of the foreclosed property. The related eviction proceeding was filed in the 73A Judicial District Court, State of Michigan as Partners for Payment Relief DE II LLC vs. Billy G. Hammond, et al., Case No. 16-218LT (the "eviction action").

16. On the same day PPR's counsel received a copy of Plaintiff's action, the eviction action was consolidated into Plaintiff's action which retains the case number 17-37081-CH.

17. Pursuant to 28 USC 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the District and division embracing the place where such action is pending." Under 28 USC 102, this Court embraces the 24th Judicial Circuit Court of Sanilac County, Michigan. Accordingly, this is the appropriate Court to which to remove this action. 28 USC 1441(a).

18. A copy of all pleading documents filed by Plaintiffs in Plaintiffs' action which are in PPR's possession are filed herewith as Exhibit A.

19. Because there exists diversity of citizenship under 28 USC 1332(a)(1) and the amount in controversy exceeds $75,000, as required by 28 USC 1332(a), both accounts are within the original jurisdiction of this Court and are subject to removal under 28 USC 1441(a).

Defendant states that this action is properly removable and respectfully notifies this Court, Plaintiffs and the Sanilac County Circuit Court that this action has been removed to the United States District Court, Eastern District of Michigan.

                                          Respectfully submitted,

                                          BARHAM LEGAL, LLC

Dated: March 5, 2017

                                          ***/s/ Lesley A. Hoenig***
                                          Lesley A. Hoenig, Of-Counsel (P71763)
                                          Attorney for the Defendant
                                          407 E Broadway St
                                          Mt Pleasant, MI 48858
                                          (989) 773-0900
                                          Email: lesley@hoeniglaw.com