Approved, SCAO

**EXHIBIT A**

Original - Court
1st copy - Defendant
2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN | SUMMONS AND COMPLAINT | CASE NO. |
|---|---|---|
| JUDICIAL DISTRICT | | 17- 37081 - CH |
| 24th JUDICIAL CIRCUIT | | |
| COUNTY PROBATE | | |

Court address
Courthouse, 60 W. Sanilac Avenue, Sandusky, MI 48471

Hn. DONALD A. TEEPLE

Court telephone no.
(810) 648-2120

Plaintiff's name(s), address(es), and telephone no(s).
Billy Hammond and
Ann Hammond

v

Defendant's name(s), address(es), and telephone no(s).
Partners For Payment Relief DEII, LLC
3748 West Chester Pike
Suite 103
Newtown Square, PA  19073

Plaintiff's attorney, bar no., address, and telephone no.
Thomas J. Wilson, P-33071
7105 County Farm Road
Lexington, MI  48450
(810) 359-8235

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| 02-15-2017 | 05-17-2017 | Denise McGuire |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

Family Division Cases
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

General Civil Cases
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Sanilac County, Michigan | Sanilac County, Michigan |

Place where action arose or business conducted
Sanilac County, Michigan

| Date | Signature of attorney/plaintiff |
|---|---|
| 2-14-17 | |

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01  (5/15)  SUMMONS AND COMPLAINT   MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF SANILAC**

**BILLY G. HAMMOND and**
**ANN MARIE HAMMOND,**

                    Plaintiffs,

-vs-                                                    Case No.: 17-    3708١-C١٤

**PARTNERS FOR PAYMENT RELIEF, DE II, LLC,**

                    Defendant.

---

THOMAS J. WILSON (P-33071)
Attorney for Plaintiff
7105 County Farm
Lexington, MI 48450
(810) 359-8235
tjw7105@yahoo.com

**COMPLAINT**
**COUNT I-ACCOUNTING**

  COMES NOW the Plaintiffs, **BILLY G. HAMMOND and ANN MARIE HAMMOND**, by and through their attorney, THOMAS J. WILSON, and complain of Defendant as follows:

1. That this action concerns real estate located in the City of Croswell, Sanilac County, Michigan, more particularly described as:

  The West 90 feet of the following legal description being Lot 1, South 20 feet of Lot 2, Block 6, ARNOTS Addition to Croswell.

  Commonly known as 108 West Peck Road, Croswell, Michigan.

2. That Plaintiffs purchased said property August 27, 1999 and procured a construction mortgage with Bank One at approximately the same time and that said construction mortgage was converted to a conventional mortgage in the amount of $112,000.00 on or about July 10, 2003 and said mortgage still exists to this day and has a current payoff of approximately $88,000.00.

PAGE 1

THOMAS J. WILSON
ATTORNEY AT LAW
7105 COUNTY FARM
LEXINGTON, MICHIGAN 48450
(810) 359-8235

3. That Plaintiffs have always been and remain current with the payments on said first mortgage with Bank One, now Chase.

4. That March 5, 2005 Plaintiffs took out a second mortgage with Aegis Funding in the amount of $53,000.00.

5. Unfortunately Plaintiffs suffered a significant loss of income and were unable to maintain payments on both mortgages, thus they continued to make the payments on the first mortgage but were unable to maintain the payments on the second mortgage.

6. That Plaintiffs by 2008 were in such dire financial straights that they were forced to file a Chapter 7 bankruptcy in 2008 resulting in a discharge of their debts.

7. That Plaintiffs have reason to believe that subsequently Aegis wrote off the mortgage as a bad debt.

8. That June 18, 2014, Defendant, Partners for Payment Relief DE II, LLC, that is in the business of purchasing bad debt and bad mortgages, purchased said Aegis mortgage for what is believed to be pennies on the dollar.

9. That Defendant has a very dubious reputation for its collection tactics and has been the subject of numerous lawsuits for its illegal collection practices and a Google search on the internet is replete with horror stories of Defendant's dubious collection tactics.

10. That Defendant commenced the first foreclosure by advertisement action and scheduled the Sheriff's sale for January 22, 2015, subsequent to its purchase of the Aegis mortgage alleging that the mortgage debt was no longer $53,000.00, but had increased to $81,048.23. See attached Exhibit A.

11. That said original foreclosure action sale never occurred "for a variety of unknown reasons" as stated by Defendant, even though the same had been adjourned by Defendant.

12. Notwithstanding the foreclosure not having taken place, Defendant served a Notice to Quit on both Plaintiffs, the same was dated May 29, 2015 and required the Plaintiffs to move by August 29, 2015. See attached Exhibit B.

13. Plaintiffs retained counsel to investigate the legality of said Notice to Quit and after numerous inquiries with the Sheriff's Department and Register of Deeds it was determined that the foreclosure had not even occurred and thus the issuance of the Notices to Quit was not lawful.

THOMAS J. WILSON
ATTORNEY AT LAW
7105 COUNTY FARM
LEXINGTON, MICHIGAN 48450
(810) 359-8235

PAGE 2

14. Plaintiffs did not hear another word on this matter from Defendant until it commenced a second foreclosure by advertisement action resulting in the premises being sold on February 11, 2016 to Defendant for $88,286.91 pursuant to the Sheriff's Deed. **See** attached Exhibit C.

15. Said Sheriff's Deed properly set the redemption period at six months and clearly provided that the Sheriff's Deed did not become operative until August 11, 2016. This language is consistent with MCL 600.3236 that specifically provides that the Sheriff's Deed is not operative until the expiration of the redemption period. See Exhibit C, highlighted portion at the page designated recorded at Liber 1294, Page 392.

16. Notwithstanding that the redemption period had not expired, thus said Sheriff's Deed had not yet become operative, Defendant served a Notice to Quit on Plaintiff, Billy G. Hammond, dated May 25, 2016, advising that he had to move by August 24, 2016, along with a copy of MCL 554.134 advising that he was a tenant at sufferance and that they were required to give him "1 month's notice" of the termination of the tenancy. See attached Exhibit D.

17. That since the Sheriff's Deed did not become operative until August 11, 2016, Defendant was not the owner of the property on May 25, 2016 when Defendant sent out the Notice to Quit, thus the Notice to Quit was defective.

18. Further, said notice would have had the effect of reducing the eviction time period as said Notice provided that Plaintiff had to move by August 24, 2016. However, had the Notice been dated after the expiration of the redemption period when the Deed became operative, Defendant would have been entitled to 1 month's notice from that date, thus September 12, 2016, rather than August 24, 2016 as alleged by Defendant.

19. To make matters even worse, the Notice to Quit sent to Defendant, Ann Marie Hammond, was dated August 24, 2016 and advised that she had to move by May 25, 2016. Obviously it is improper notice to send out a notice (August 24, 2016) some three months *AFTER* the date Defendant was required to move (May 25, 2016). See attached Exhibit E.

20. That Plaintiffs at the expiration of the redemption period became tenants by sufference. *Felt v Methodist Educ Advance*, 251 Mich 512 (1930) and *Durba v Chembar Dev Corp*, 95 Mich App 706 (1980).

21. Further, a mortgagor (Plaintiffs), where the estate has been terminated by foreclosure proceedings is a tenant at sufferance and since the antilock out statute does not distinguish between tenants at will, by the years or by sufference, the term tenant as used in MCL 600.2918(2) includes all three tenancies and thus a tenant at sufference is entitled to all the protections of said antilock out statute. *Barron v Federal Home*

THOMAS J. WILSON
ATTORNEY AT LAW
7105 COUNTY FARM
LEXINGTON, MICHIGAN 48450
(810) 359-8235

PAGE 3

*Loan Mortgage Corp*, E.D. Mich (2008).

22. Further, Plaintiffs contacted Chase and Defendant did not notify Chase of its foreclosure action notwithstanding that Chase holds a valid first mortgage on the premises.

23. Further, Plaintiffs recently had a Market Analysis conducted on the property to determine a value. Said Market Analysis establishes that the value of property is substantially less than the balance owed on the first mortgage. The property is valued at between $37,500.00 and $39,500.00, while the valid first mortgage has a current balance of approximately $88,000.00. It simply does not make any sense to foreclose on a second mortgage when the balance of the first mortgage far exceeds the value of the realty. In order for Defendant to sell the property, the first mortgage will need to be satisfied. Thus it is Plaintiffs' belief that Defendant has utilized the above unlawful foreclosure and summary proceedings tactics as a means of extracting payments from Plaintiffs in order for Plaintiffs to continue to reside in their home.

24. A foreclosure by advertisement can be challenged for irregularities up until the expiration of 5 years following the expiration of the redemption period. See MCL 600.5801(1). The doctrine of laches does not apply until such time as the property has been sold to a bona fide purchaser. In the case at bar, Defendant was the purchaser at the foreclosure sale and the property has not been sold to an innocent third person. See *Walker v. Schultz*, 175 Mich 280 (1913). Further, case law has routinely held that the Court's disfavor foreclosure and that the Mortgagee must comply with the mandates of the foreclosure statute to be afforded the relief they seek. In *Masella v Bisson*, 359 Mich 512 (1960), the Supreme Court held that a foreclosure by advertisement is statutory and a mortgagee who seeks to foreclose using this method must proceed in accordance with statutory requirements. See also *Peterson v Jacobs*, 303 Mich 329 (1942).

25. That Plaintiffs contest the amount Defendants allege is owed on the mortgage as in its first notice it alleges $81,048.23 and the Sheriff's Deed states $88,286.91, both figures Plaintiffs believe far exceed the actual amount owed, thus an accounting needs to be provided to determine the proper payoff amount and such is an equitable action.

WHEREFORE Plaintiffs pray that this Honorable Court enter Judgment compelling Defendant to prepare a true and accurate accounting of all payments made and/or received regarding the Mortgage in this matter, and provide a true and accurate accounting of the Mortgage payoff and award Plaintiff other and different relief as the court deems warranted, including attorney fees and costs.

THOMAS J. WILSON
ATTORNEY AT LAW
7105 COUNTY FARM
LEXINGTON, MICHIGAN 48450
(810) 359-8235

PAGE 4

## COUNT II
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

26.   That Plaintiffs repeat and incorporate by reference paragraphs 1-25 above, inclusive.

27.   That Defendants are individual consumers within the definition of the FDCPA.

28.   The debt that is the subject matter of this litigation arises out of a transaction primarily for personal, family or household purposes and is non-commercial.

29.   That Defendant is a debt collection agency within the definition of the FDCPA and is therefore subject to the regulations of the FDCPA found at 15 USC 1692 et seq.

30.   That Defendants actions of sending out improper, illegal and deficient Notices to Quit constitute a violation of FDCPA, including but not limited to, constituting a deceptive act.

31.   That attempting to evict Plaintiffs prior to a foreclosure action is a violation of the FDCPA.

32.   That Defendants prior to the redemption period expiring and prior to the Sheriff's Deed becoming operative, represented itself as the owner of the property and executed a Property Transfer Affidavit thereby causing Plaintiffs to lose their homestead tax status and another violation of said FDCPA.  See attached Exhibit G.

33.   That improperly attempting to evict Plaintiffs from their home has caused them severe emotional distress.

34.   That Defendant has violated the FDCPA entitling Plaintiffs to actual damages, statutory damages up to a $1,000.00 and *mandatory* attorney fees.

WHEREFORE Plaintiffs pray that this Honorable Court award Plaintiffs actual damages, statutory damages of $1,000.00 per violation and actual attorney fees pursuant to the Fair Debt Collection Practices Act.

Dated: February 14, 2017

Thomas J. Wilson (P-33071)
Attorney for Plaintiffs
7105 County Farm Road
Lexington, MI 48450
(810) 359-8235
tjw7105@yahoo.com

PAGE 5

THOMAS J. WILSON
ATTORNEY AT LAW
7105 COUNTY FARM
LEXINGTON, MICHIGAN 48450
(810) 359-8235

**108 West Peck Rd, Croswell, MI 48422-1409**

FORECLOSURE NOTICE
This firm is a debt collector attempting to collect a debt. Any information obtained will be used for this purpose. If you are in the Military, please contact our office at the number listed below.
MORTGAGE SALE – Default has been made in the conditions of a certain mortgage made by:
Billy G. Hammond and Ann Marie Hammond, husband and wife, tenants by the entirety,
to
Mortgage Electronic Registration Systems, Inc. solely as nominee for Aegis Funding dba Aegis Home Equity, dated March 4, 2005 and recorded March 14, 2005 in Liber 879 Page 759, Sanilac County, Michigan Records. Said mortgage was assigned to: Partners for Payment Relief DE II, LLC by assignment dated June 18, 2014 and recorded on June 20, 2014 in Liber 1241 Page 569, Sanilac County, Michigan Records on which mortgage there is claimed to be due at the date hereof the sum of Eighty-one thousand, forty-eight dollars and twenty-three cents ($81,048.23) including interest 11.500% per annum.
Under the power of sale contained in said mortgage and the statute in such case made and provided, notice is hereby given that said mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, at public venue, Sanilac County Circuit Court Building at 10:00 a.m. on Thursday, January 22, 2015.
Said premises are situated in City of Croswell, County of Sanilac and the State of Michigan, and are described as:
The West 90 feet of the following legal description being Lot 1, South 20 feet of Lot 2, Block 6, Arnots Addn to Croswell.
Property Tax Parcel ID: 310-180-006-001-02
Commonly known as: 108 West Peck Road, Croswell, MI 48422
The redemption period shall be six months from the date of such sale, unless determined abandoned in accordance with MCL 600.3241 or MCL 600.3241a, in which case the redemption period shall be 30 days from the date of such sale, or upon the expiration of the notice required by MCL 600.3241a(c), whichever is later; or unless MCL 600.3240(17) applies.
If the property is sold at foreclosure sale under Chapter 32 of the Revised Judicature Act of 1961, under MCL 600.3278, the borrower will be held responsible to the person who buys the property at the mortgage foreclosure sale or to the mortgage holder for damaging the property during the redemption period.
 Partners for Payment Relief DE II, LLC,
Assignee of Mortgagee
Attorneys:   Barham Legal LLC
2644 Kull Road
Lancaster, Ohio 43130
(740) 689-9828
(12-01)(12-22)

Exhibit A

Approved, SCAO

| STATE OF MICHIGAN | NOTICE TO QUIT<br>TO RECOVER POSSESSION OF PROPERTY<br>Landlord-Tenant | |

TO:
    Billy G. Hammond
    108 W. Peck Rd.
    Croswell, MI 48422

1. Your landlord/landlady, __Partners for Payment DE II, LLC_____, is seeking to recover possession of property pursuant to
                           Name (type or print)

☐ MCL 554.134(1) or (3) (see other side)    ☑ other: __Mortgage Foreclosure Sale_____ ☑ and wants to evict you from:

Address or description of premises rented (if different from mailing address):

2. You must move by __08/29/2015_____ or your landlord/landlady may take you to court to evict you.
                     Date (*see note)

3. If your landlord/landlady takes you to court to evict you, you will have the opportunity to present reasons why you believe you should not be evicted.

4. If you believe you have a good reason why you should not be evicted, you may have a lawyer advise you. Call him or her soon.

05/29/2015
Date

_[signature]_
Signature of owner of premises or agent

2644 Kull Road
Address

Lancaster, Ohio 43130        (740) 689-9828
City, state, zip           Telephone no.

*NOTE: Except for a 7-day notice given under the authority of MCL 600.5714(1)(e) or a 90-day notice given under the authority of Public Law No. 111-22, § 702; 123 Stat 1660 after foreclosure of the premises, if the lease agreement does not state otherwise, the landlord/landlady must give notice equal in time to at least one rental period.

## HOW TO GET LEGAL HELP

1. Call your own lawyer.

2. If you do not have an attorney but have money to retain one, you may locate an attorney through the State Bar of Michigan Lawyer Referral Service at 1-800-968-0738 or through a local lawyer referral service. Lawyer referral services should be listed in the yellow pages of your telephone directory or you can find a local lawyer referral service at www.michbar.org.

3. If you do not have an attorney and cannot pay for legal help, you may qualify for assistance through a local legal aid office. Legal aid offices should be listed in the yellow pages of your telephone directory or you can find a local legal aid office at www.michiganlegalaid.org. If you do not have Internet access at home, you can access the Internet at your local library.

**Exhibit B**

DC 100c (9/12)  **NOTICE TO QUIT TO RECOVER POSSESSION OF PROPERTY, Landlord-Tenant**  MCL 600.5714(1)(c)(iii), (e),
PL 111-22 § 702, 123 Stat 1660

**554.134 Termination of estate at will or by sufferance or tenancy from year to year.**

(1) Except as provided otherwise in this section, an estate at will or by sufferance may be terminated by either party by giving 1 month's notice to the other party. If the rent reserved in a lease is payable at periods of less than 3 months, the time of notice is sufficient if it is equal to the interval between the times of payment. Notice is not void because it states a day for the termination of the tenancy that does not correspond to the conclusion or commencement of a rental period. The notice terminates the tenancy at the end of a period equal in length to the interval between times of payment.

(3) A tenancy from year to year may be terminated by either party by a notice to quit, given at any time to the other party. The notice shall terminate the lease at the expiration of 1 year from the time of the service of the notice.

Approved, SCAO

| STATE OF MICHIGAN | NOTICE TO QUIT<br>TO RECOVER POSSESSION OF PROPERTY<br>Landlord-Tenant | |

TO:

Ann M. Hammond
108 W. Peck Rd.
Croswell, MI 48422

1. Your landlord/landlady, **Partners for Payment DE II, LLC** _____, is seeking to recover possession of property pursuant to

   Name (type or print)

   ☐ MCL 554.134(1) or (3) (see other side)    ☑ other: **Mortgage Foreclosure Sale**    ■ and wants to evict you from:

   Address or description of premises rented (if different from mailing address):

2. You must move by **08/29/2015** _____ or your landlord/landlady may take you to court to evict you.

   Date (*see note)

3. If your landlord/landlady takes you to court to evict you, you will have the opportunity to present reasons why you believe you should not be evicted.

4. If you believe you have a good reason why you should not be evicted, you may have a lawyer advise you. Call him or her soon.

**05/29/2015**
Date

Signature of owner of premises or agent
2644 Kull Road
Address
Lancaster, Ohio 43130                (740) 689-9828
City, state, zip                      Telephone no.

*NOTE: Except for a 7-day notice given under the authority of MCL 600.5714(1)(e) or a 90-day notice given under the authority of Public Law No. 111-22, § 702; 123 Stat 1660 after foreclosure of the premises, if the lease agreement does not state otherwise, the landlord/landlady must give notice equal in time to at least one rental period.

## HOW TO GET LEGAL HELP

1. Call your own lawyer.

2. If you do not have an attorney but have money to retain one, you may locate an attorney through the State Bar of Michigan Lawyer Referral Service at 1-800-968-0738 or through a local lawyer referral service. Lawyer referral services should be listed in the yellow pages of your telephone directory or you can find a local lawyer referral service at www.michbar.org.

3. If you do not have an attorney and cannot pay for legal help, you may qualify for assistance through a local legal aid office. Legal aid offices should be listed in the yellow pages of your telephone directory or you can find a local legal aid office at www.michiganlegalaid.org. If you do not have Internet access at home, you can access the Internet at your local library.

Tenant's copy
MCL 600.5714(1)(c)(iii), (e),
DC 100c  (9/12)  **NOTICE TO QUIT TO RECOVER POSSESSION OF PROPERTY, Landlord-Tenant**  PL 111-22 § 702, 123 Stat 1660

**554.134 Termination of estate at will or by sufferance or tenancy from year to year.**

(1) Except as provided otherwise in this section, an estate at will or by sufferance may be terminated by either party by giving 1 month's notice to the other party. If the rent reserved in a lease is payable at periods of less than 3 months, the time of notice is sufficient if it is equal to the interval between the times of payment. Notice is not void because it states a day for the termination of the tenancy that does not correspond to the conclusion or commencement of a rental period. The notice terminates the tenancy at the end of a period equal in length to the interval between times of payment.

(3) A tenancy from year to year may be terminated by either party by a notice to quit, given at any time to the other party. The notice shall terminate the lease at the expiration of 1 year from the time of the service of the notice.

 388

SANILAC COUNTY
MARCH 3, 2016
RECEIPT #75860

STATE OF MICHIGAN
REAL ESTATE TRANSFER TAX

$ 97.35-CO
$ 0.00-ST
STAMP # 14823

2016 MAR -3 PM 12:58

R1294 385 1

LIBER 1294 PAGE 385

SANILAC COUNTY

RECEIVED FOR RECORD
MICHELE VANNORMAN, REGISTER OF DEEDS
SANILAC COUNTY, MICHIGAN
03/03/2016 1:04:03 PM

# SHERIFF'S DEED ON MORTGAGE SALE

This Indenture Made on February 11, 2016, between Megan Brock, A Deputy Sheriff in and for Sanilac County, Michigan, party of the first part, and Partners for Payment Relief DE II, LLC, 3748 West Chester Pike, Ste 103, Newtown Square, PA 19073, party of the second part (hereinafter called the grantee).

WITNESSETH, That Whereas Billy G. Hammond and Ann Marie Hammond, husband and wife, tenants by the entirety, (hereinafter called Mortgagors), made a certain Mortgage to MERS, Inc. solely as nominee for Aegis Funding d/b/a Aegis Home Equity, its successors and assigns, Mortgagee, dated March 4, 2005 and recorded March 14, 2005 in Liber 879 Page 759, Sanilac County Michigan Records. Said mortgage was assigned to: Partners for Payment Relief DE II, LLC by assignment dated June 18, 2014 and recorded on June 20, 2014 in Liber 1241 Page 569, Sanilac County, Michigan Records, and

WHEREAS, said mortgage contained a power of sale which has become operative by reason of default in condition of said mortgage, and

WHEREAS, no suit or proceedings at law or in equity have been instituted to recover the debt secured by said mortgage or any part thereof, and

WHEREAS, by virtue of the power of sale, and pursuant to the statute of the State of Michigan in such case made and provided, a notice was duly published and a copy thereof was duly posted in a conspicuous place upon the premises described in said mortgage that said premises, or some part of them would be sold on the 11 day of February, 2016 at 10:00 AM at the Sanilac County Courthouse, that being the place of holding the Circuit Court for Sanilac County where the premises are situated, and

WHEREAS, pursuant to said notice I did, at 10 o'clock, in the forenoon, on the day last aforesaid, expose for sale at public venue the said lands and tenements hereinafter described, and on such sale did strike off and sell the said lands and tenements to the grantee for the sum of Eighty-eight thousand two-hundred eighty-six dollars and no ninety-one ($88,286.91), that being the highest bid therefore and the grantee being the highest bidder, and

WHEREAS, said land and tenements are situated in the City of Croswell, County of Sanilac, State of Michigan, more particularly described as follows:

**The West 90 feet of the following legal description being Lot 1, South 20 feet of Lot 2,**

**Prepared by:** Lesley A. Hoenig, Of Counsel, P71763, Barham Legal LLC, 2644 Kull Road, Lancaster, Ohio 43130

Exhibit C

LIBER 1294 PAGE 386

**Block 6, Arnots Addn to Croswell.**

**Commonly known as: 108 West Peck Road, Croswell, MI 48422**

**Tax I.D. Number:  310-180-006-001-02**

Now, this indenture Witnesseth, That I, the Deputy Sheriff aforesaid, by virtue of and pursuant to the statute in such case made and provided, and in consideration of the sum of money so paid as aforesaid, have granted, conveyed, bargained and sold, and by this deed do grant, convey, bargain and sell unto the grantee, its successors and assigns, Forever, All the estate, right, title and interest which the said Mortgagors had in said land and tenements and every part thereof to the said grantee, its successors and assigns forever, to their sole and only use, benefit and behoove forever, as fully and absolutely as I, the Deputy Sheriff aforesaid, under the authority aforesaid, might, could or ought to sell the same.

IN WITNESS WHEREOF, I have hereunto set my hand and seal, the date and year first above written.

Megan Brock

_____
Deputy Sheriff in and for the County of Sanilac

Signed, Sealed and Delivered in the Presence of

Jessica Ratcliff

Diane R. Reinke

STATE OF MICHIGAN,                )
COUNTY OF SANILAC                 ) SS.

On this 11th day of February A.D. 2015 before me, a Notary Public in and for said County of Sanilac, came _____Megan Brock_____ a Deputy Sheriff of said County, known to me to be the individual described in and who executed the above conveyance, and who acknowledged that he executed the same to be his free act and deed as such Deputy Sheriff.

Jessica Ratcliff

Exempt from Michigan State Transfer Tax      Notary Public, Sanilac County,
MCL 207.526 (v)                              Michigan
                                             My Commission Expires   10-6-2018

**Prepared by: Lesley A. Hoenig, Of Counsel, P71763, Barham Legal LLC, 2644 Kull Road, Lancaster, Ohio 43130**



LIBER 1294   PAGE 387

## AFFIDAVIT OF PUBLICATION

STATE OF MICHIGAN

ss.

COUNTY OF SANILAC

**IN THE MATTER OF:**   BILLY G. AND ANN MARIE HAMMOND
                                           NOTICE OF FORECLOSURE NOTICE

The undersigned, an employee of the publisher of

Jane Vanderpoel having knowledge of the facts,

being duly sworn deposes and says that a notice,

a true copy of which is annexed hereto, was

published in the Jeffersonian, a newspaper

circulated in SANILAC County, on

Dates:

**December 18, 2015**

**December 25, 2015**

**January 1, 2016**

**January 8, 2016**

Signed: _Jane Vanderpoel_

Subscribed and sworn before me on this _8th_ day

of _January_ _2015_ A.D.

Notary Public _Helen M Williams_

My commission expires: _Apr 22, 2019_

Acting in _Sanilac_ County Michigan

HELEN M WILLIAMS
Notary Public - Michigan
Lapeer County
My Commission Expires Apr 22, 2019
Acting in the County of _Sanilac_

### FORECLOSURE NOTICE

This firm is a debt collector attempting to collect a debt. Any information obtained will be used for this purpose. If you are in the Military, please contact our office at the number listed below. MORTGAGE SALE – Default has been made in the conditions of a certain mortgage made by: Billy G. Hammond and Ann Marie Hammond, husband and wife, tenants by the entirety, to Mortgage Electronic Registration Systems, Inc. solely as nominee for Aegis Funding dba Aegis Home Equity, dated March 4, 2005 and recorded March 14, 2005 in Liber 879 Page 759, Sanilac County, Michigan Records. Said mortgage was assigned to: Partners for Payment Relief DE II, LLC by assignment dated June 18, 2014 and recorded on June 20, 2014 in Liber 1241 Page 569, Sanilac County, Michigan Records on which mortgage there is claimed to be due at the date hereof the sum of Eighty-six thousand, six hundred sixty-eight dollars and sixteen cents ($86,668.16) including interest 11.500% per annum. Under the power of sale contained in said mortgage and the statute in such case made and provided, notice is hereby given that said mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, at public venue, Sanilac County Circuit Court Building at 10:00 a.m. on Thursday, February 11, 2016. Said premises are situated in City of Croswell, County of Sanilac and the State of Michigan, and are described as: The West 90 feet of the following legal description being Lot 1, South 20 feet of Lot 2, Block 6, Arnots Addn to Croswell. Property Tax Parcel ID: 310-180-006-001-02 Commonly known as: 108 West Peck Road, Croswell, MI 48422 The redemption period shall be six months from the date of such sale, unless determined abandoned in accordance with MCL 600.3241 or MCL 600.3241a, in which case the redemption period shall be 30 days from the date of such sale, or upon the expiration of the notice required by MCL 600.3241a(c), whichever is later; or unless MCL 600.3240(17) applies. If the property is sold at foreclosure sale under Chapter 32 of the Revised Judicature Act of 1961, under MCL 600.3278, the borrower will be held responsible to the person who buys the property at the mortgage foreclosure sale or to the mortgage holder for damaging the property during the redemption period. Partners for Payment Relief DE II, LLC, Assignee of Mortgagee Attorneys: Barham Legal LLC 2644 Hull Road Lancaster, Ohio 43130 (740) 689-9828.
(12-18)(01-08)

LIBER 1294   PAGE 388

Billy G. Hammond

## EVIDENCE OF SALE

**FORECLOSURE NOTICE**
This firm is a debt collector attempting to collect a debt. Any information obtained will be used for this purpose. If you are in the Military, please contact our office at the number listed below.
MORTGAGE SALE – Default has been made in the conditions of a certain mortgage made by:
Billy G. Hammond and Ann Marie Hammond, husband and wife, tenants by the entirety,
to
Mortgage Electronic Registration Systems, Inc. solely as nominee for Aegis Funding dba Aegis Home Equity, dated March 4, 2005 and recorded March 14, 2005 in Liber 879 Page 759, Sanilac County, Michigan Records. Said mortgage was assigned to: Partners for Payment Relief DE II, LLC by assignment dated June 18, 2014 and recorded on June 20, 2014 in Liber 1241 Page 569, Sanilac County, Michigan Records on which mortgage there is claimed to be due at the date hereof the sum of Eighty-six thousand, six hundred sixty-eight dollars and sixteen cents ($86,668.16) including interest 11.500% per annum.
Under the power of sale contained in said mortgage and the statute in such case made and provided, notice is hereby given that said mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, at public venue, Sanilac County Circuit Court Building at  10:00 a.m. on Thursday, February 11, 2016.
Said premises are situated in City of Croswell, County of Sanilac and the State of Michigan, and are described as:
The West 90 feet of the following legal description being Lot 1, South 20 feet of Lot 2, Block 6, Arnots Addn to Croswell.
Property Tax Parcel ID:  310-180-006-001-02
Commonly known as: 108 West Peck Road, Croswell, MI 48422
The redemption period shall be six months from the date of such sale, unless determined abandoned in accordance with MCL 600.3241 or MCL 600.3241a, in which case the redemption period shall be 30 days from the date of such sale, or upon the expiration of the notice required by MCL 600.3241a(c), whichever is later; or unless MCL 600.3240(17) applies.
If the property is sold at foreclosure sale under Chapter 32 of the Revised Judicature Act of 1961, under MCL 600.3278, the borrower will be held responsible to the person who buys the property at the mortgage foreclosure sale or to the mortgage holder for damaging the property during the redemption period.
 Partners for Payment Relief DE II, LLC,
Assignee of Mortgage
Attorneys:    Barham Legal LLC
2644 Kull Road
Lancaster, Ohio 43130
(740) 689-9828
(12-18)(01-08)

## EVIDENCE OF SALE

(Affidavit of Posting)

STATE OF MICHIGAN,
ss.
COUNTY OF   Sanilac

_Sheryl L.A. Piché_ being duly sworn, deposes that on the 30th day of _December_ 20 15 A.D.,
he/she posted a notice, a true copy of which is annexed hereto, in a conspicuous place upon the premises described in said notice by attaching the same in a secure manner to

_108 W. Peck Rd, Croswell MI  48422-1409_

_Sheryl M. Piché_   Sheryl L.A. Piché

Subscribed and sworn before me on this
30th day of _December_ _2015_ A.D.

_Stacey Babcock_

Notary Public   _Sanilac_   County, Michigan.

My commission expires: _2-15-2019_  .

Acting in   _Sanilac_   County, Michigan.

CHECK IF
- [ ] Vacant
- [ ] Multi-Unit
- [ ] Upper Unit
- [ ] Lower Unit
- [ ] Multi-Address
- [ ] Unit 1
- [ ] Unit 2
- [ ] Unit A
- [ ] Unit B
- [ ] Condo
- [ ] Mobile/Manufactured Home
- [ ] No Dwelling

Attorney Office:  BARHAM LEGAL - BARHAM LEGAL
Attorney File#:   DLN1259843
Notice#:          1259843

DLN1259843

LIBER **1294** PAGE **389**

### AFFIDAVIT OF NO MILITARY SERVICE (Foreclosure by Advertisement)

Lesley A. Hoenig, being sworn, says:

1.      I am an attorney at law, duly licensed to practice in the State of Michigan, Attorney No. P71763; that I am Of Counsel to Barham Legal LLC; and, that I am duly authorized to make this Affidavit and do so on my own personal knowledge; and

2.      I am acquainted with Billy G. Hammond and Ann Marie Hammond who are the mortgagors in a mortgage made by mortgagors to Mortgage Electronic Registration Systems, In. solely as nominee for Aegis Funding d/b/a Aegis Home Equity, its successors and assigns, Mortgagee, dated 03/04/2005 and recorded on 03/14/2005 in Liber 879, Page 759, Sanilac County Records, Michigan. Said mortgage was assigned through assignments to: Partners for Payment Relief DE II, LLC by assignment dated June 18, 2014 and recorded on June 20, 2014 in Liber 1241 Page 569, Sanilac County, Michigan Records.

3.      Neither of the mortgagors were in the military service or were a service member on 12/15/2015, which was the date the first notice to foreclose was served on the present mortgagors, or during the six months immediately prior.

4.      Neither of the present mortgagors were in the military service or were a service member on 12/18/2015, the date of first publication in the foreclosure of the mortgage, or during the six months immediately prior.

5.      Neither of the present mortgagors were in the military service or were a service member on 02/11/2016, the date of the sheriff's sale in the foreclosure of the mortgage, or during the six months immediately prior.

6.      No one, other than the present mortgagors, is liable to the holder of the mortgage described above for the debt secured by the mortgage.

Dated: _2/25/2016_

_____
Lesley A. Hoenig
Affiant

STATE OF MICHIGAN     )
                      )    SS
COUNTY OF ISABELLA    )

Signed and sworn to before me in Isabella County, Michigan, on _feb. 25th_, 20_16_.

_____
Notary Public, State of Michigan, County of _Clare_
My Commission expires _3/14/2020_
Acting in Isabella County.

**Drafted by and when recorded return to:**
Lesley A. Hoenig, P71763
Barham Legal LLC
2644 Kull Road
Lancaster, Ohio 43130

CAITLIN M WALLS
Notary Public - Michigan
Clare County
My Commission Expires Mar 14, 2020
Acting in the County of _Isabella_

Department of Defense Manpower Data Center

Results as of : Feb-12-2016 09:58:11 AM

SCRA 3.0



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

Last Name: <u>HAMMOND</u>
First Name: <u>BILLY</u>
Middle Name:
Active Duty Status As Of: <u>Feb-12-2016</u>

LIBER **1294**   PAGE **390**

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard).  This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

Department of Defense Manpower Data Center

Results as of : Feb-12-2016 09:59:40 AM

SCRA 3.0





LIBER **1294**    PAGE **391**

**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

Last Name: <u>HAMMOND</u>

First Name: <u>ANN</u>

Middle Name:

Active Duty Status As Of: <u>Feb-12-2016</u>

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Last Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

LIBER **1294**    PAGE **392**

**(Affidavit of Auctioneer)**
STATE OF MICHIGAN,
COUNTY OF SANILAC ss.

_____Megan Brock_____being duly sworn, deposes and says that he is a Deputy Sheriff of said Sanilac County; that he acted as Auctioneer, and made the sale as described in the annexed Deed pursuant to the annexed printed notice: that said sale was opened at 10 o'clock a.m. on the 11 day of February A.D. 2016, at the Sanilac County Circuit Court Building that being the place of holding the Circuit Court in said Sanilac County, and said sale was kept open for the space of one hour; that the highest bid for the lands and tenements therein described was the sum of $88,286.91 made by Partners for Payment Relief DE II, LLC,

That said sale was in all respects open and fair; and that he did strike off and sell said lands and tenements to said bidders, which purchase the said lands and tenements fairly, and in good faith, as deponent verily believes.

_____    Megan Brock
Deputy Sheriff in and for
Sanilac County

Subscribed and sworn to before me this ___11th___ day of __February__ A.D. __2016__

_____    Jessica Ratcliff
Notary Public, Sanilac County, Michigan
My commission expires __10-6-2018__

STATE OF MICHIGAN,
COUNTY OF SANILAC ss.

    I DO HEREBY CERTIFY, that the within Sheriff's Deed will become operative on August 11, 2016, unless determined abandoned in accordance with 1948CL 600.3241a, in which case the redemption period shall be 30 days from the date of such sale, unless redeemed according to the law, in such case made and provided.

_____    Megan Brock    Deputy Sheriff
For Sanilac County, Michigan

**This instrument drafted by**:
Lesley A. Hoenig, Of Counsel, P71763
Barham Legal LLC
2644 Kull Road
Lancaster, Ohio 43130

LIBER **1294** PAGE **393**

## AFFIDAVIT OF REDEMPTION AMOUNT AS OF THE DATE OF THE SHERIFF'S SALE (Foreclosure by Advertisement)

Lesley A. Hoenig, being sworn, says:

1.   I, Lesley A. Hoenig, am the agent acting on the purchaser's behalf in a sheriff's deed recorded in Liber n/a Page n/a, Sanilac County, Michigan, Records; and I have knowledge of the facts in this affidavit.

2.   The purchaser has appointed Barham Legal LLC, 2644 Kull Road, Lancaster, Ohio 43130, to be the Designee who is authorized to receive redemption funds.

3.   The following are included in the amount required to redeem as set forth in paragraph 4:

   - $88,286.91, the sum bid for the entire premises sold
   - $50.00 sheriff's fee paid by the purchaser under MCL 600.2558(2)(q)
   - plus interest in the per diem amount shown in paragraph 4 from the date of the sale at the interest rate provided for by the mortgage
   - $5.00 fee to the Register of Deeds for the care and custody of the redemption money paid.

4.   The exact amount required to redeem the property is $88,341.91, plus a daily per diem in the amount of $14.74 and any other additions to the redemption amount allowed by law.

5.   The last date the Property can be redeemed is August 11, 2016. ANY REDEEMING PARTY SHOULD NOTE THAT THIS DATE MAY CHANGE AS SET FORTH IN SUBSEQUENT AFFIDAVITS OR AS PROVIDED BY APPLICABLE MICHIGAN LAW.

Dated: 2/25/2016

Lesley A. Hoenig
Affiant

STATE OF MICHIGAN     )
COUNTY OF ISABELLA     )

Signed and sworn to before me in Isabella County, Michigan, on Feb 25th, 2016.

Notary Public, State of Michigan, County of Clare
My Commission expires 3/14/2020
Acting in Isabella County.

**Drafted by and when recorded return to:**
Lesley A. Hoenig, P71763
Barham Legal LLC
2644 Kull Road
Lancaster, Ohio 43130

CAITLIN M WALLS
Notary Public - Michigan
Clare County
My Commission Expires Mar 14, 2020
Acting in the County of Isabella

Approved, SCAO

| STATE OF MICHIGAN | NOTICE TO QUIT<br>TO RECOVER POSSESSION OF PROPERTY<br>Landlord-Tenant | |

TO:     BILLY G. HAMMOND
        108 W PECK ROAD
        CROSWELL, MI 48422

1. Your landlord/landlady, **Partners for Payment Relief DE II LLC**, is seeking to recover possession of property pursuant to
   Name (type or print)

   ☐ MCL 554.134(1) or (3) (see other side)   ☑ other:  Foreclosure Redemption Period Expired ☐ and wants to evict you from:

   | Address or description of premises rented (if different from mailing address): |
   | |

2. You must move by **08/24/2016** or your landlord/landlady may take you to court to evict you.
   Date (*see note)

3. If your landlord/landlady takes you to court to evict you, you will have the opportunity to present reasons why you believe you should not be evicted.

4. If you believe you have a good reason why you should not be evicted, you may have a lawyer advise you. Call him or her soon.

**05/25/2016**
Date

_signature_
Signature of owner of premises or agent

407 E Broadway St
Address

Mt Pleasant, MI 48858          (989) 773-0900
City, state, zip               Telephone no.

*NOTE: Except for a 7-day notice given under the authority of MCL 600.5714(1)(e) or a 90-day notice given under the authority of Public Law No. 111-22, § 702; 123 Stat 1660 after foreclosure of the premises, if the lease agreement does not state otherwise, the landlord/landlady must give notice equal in time to at least one rental period.

## HOW TO GET LEGAL HELP

1. Call your own lawyer.

2. If you do not have an attorney but have money to retain one, you may locate an attorney through the State Bar of Michigan Lawyer Referral Service at 1-800-968-0738 or through a local lawyer referral service. Lawyer referral services should be listed in the yellow pages of your telephone directory or you can find a local lawyer referral service at www.michbar.org.

3. If you do not have an attorney and cannot pay for legal help, you may qualify for assistance through a local legal aid office. Legal aid offices should be listed in the yellow pages of your telephone directory or you can find a local legal aid office at www.michiganlegalaid.org. If you do not have Internet access at home, you can access the Internet at your local library.



Exhibit D

DC 100c  (9/12)  **NOTICE TO QUIT TO RECOVER POSSESSION OF PROPERTY, Landlord-Tenant**     MCL 600.5714(1)(c)(iii), (e),<br>PL 111-22 § 702, 123 Stat 1660

**554.134 Termination of estate at will or by sufferance or tenancy from year to year.**

(1) Except as provided otherwise in this section, an estate at will or by sufferance may be terminated by either party by giving 1 month's notice to the other party. If the rent reserved in a lease is payable at periods of less than 3 months, the time of notice is sufficient if it is equal to the interval between the times of payment. Notice is not void because it states a day for the termination of the tenancy that does not correspond to the conclusion or commencement of a rental period. The notice terminates the tenancy at the end of a period equal in length to the interval between times of payment.

(3) A tenancy from year to year may be terminated by either party by a notice to quit, given at any time to the other party. The notice shall terminate the lease at the expiration of 1 year from the time of the service of the notice.

Approved, SCAO

| STATE OF MICHIGAN | NOTICE TO QUIT<br>TO RECOVER POSSESSION OF PROPERTY<br>Landlord-Tenant | |
|---|---|---|

TO:   ANN MARIE HAMMOND
      108 W PECK ROAD
      CROSWELL, MI 48422

1. Your landlord/landlady, __Partners for Payment Relief DE II LLC__, is seeking to recover possession of property pursuant to
   Name (type or print)

   ☐ MCL 554.134(1) or (3) (see other side)   ☑ other: __Foreclosure Redemption Period Expired__ and wants to evict you from:

   Address or description of premises rented (if different from mailing address):

2. You must move by __05/25/2016__ or your landlord/landlady may take you to court to evict you.
   Date (*see note)

3. If your landlord/landlady takes you to court to evict you, you will have the opportunity to present reasons why you believe you should not be evicted.

4. If you believe you have a good reason why you should not be evicted, you may have a lawyer advise you. Call him or her soon.

__08/24/2016__
Date

Signature of owner of premises or agent
 407 E Broadway St
Address

 Mt Pleasant, MI 48858          (989) 773-0900
City, state, zip               Telephone no.

*NOTE:  Except for a 7-day notice given under the authority of MCL 600.5714(1)(e) or a 90-day notice given under the authority of Public Law No. 111-22, § 702; 123 Stat 1660 after foreclosure of the premises, if the lease agreement does not state otherwise, the landlord/landlady must give notice equal in time to at least one rental period.

## HOW TO GET LEGAL HELP

1. Call your own lawyer.

2. If you do not have an attorney but have money to retain one, you may locate an attorney through the State Bar of Michigan Lawyer Referral Service at 1-800-968-0738 or through a local lawyer referral service. Lawyer referral services should be listed in the yellow pages of your telephone directory or you can find a local lawyer referral service at www.michbar.org.

3. If you do not have an attorney and cannot pay for legal help, you may qualify for assistance through a local legal aid office. Legal aid offices should be listed in the yellow pages of your telephone directory or you can find a local legal aid office at www.michiganlegalaid.org. If you do not have Internet access at home, you can access the Internet at your local library.


Exhibit E

DC 100c  (9/12)  **NOTICE TO QUIT TO RECOVER POSSESSION OF PROPERTY, Landlord-Tenant**

MCL 600.5714(1)(c)(iii), (e),
PL 111-22 § 702, 123 Stat 1660

**554.134 Termination of estate at will or by sufferance or tenancy from year to year.**

(1) Except as provided otherwise in this section, an estate at will or by sufferance may be terminated by either party by giving 1 month's notice to the other party. If the rent reserved in a lease is payable at periods of less than 3 months, the time of notice is sufficient if it is equal to the interval between the times of payment. Notice is not void because it states a day for the termination of the tenancy that does not correspond to the conclusion or commencement of a rental period. The notice terminates the tenancy at the end of a period equal in length to the interval between times of payment.

(3) A tenancy from year to year may be terminated by either party by a notice to quit, given at any time to the other party. The notice shall terminate the lease at the expiration of 1 year from the time of the service of the notice.

PREMIER PROPERTIES
5695 Main St.
Lexington, Mi. 49450

MARKET ANALYSIS

CLIENT: Ann & Billy Hammond
108 Peck Rd.
Croswell, Mi. 48422

Attorney Thomas Wilson
7105 County Farm Rd.
Lexington, Mi. 48450

Dear Mr. Wilson,

I visited the above home earlier this month in an effort to determine a fair market value for the property.
The home is manufactured by Schultz. It is a 1999 model. It is a 3 bedroom, 2 bath home on a full
basement.
It is heated by a natural gas forced air furnace with central air. The furnace is original to the home, 17 years.
The home is serviced by city water and city sewers. It has vinyl siding and vinyl windows.
The kitchen has Pergo type laminate floor covering, Living room and bedrooms are carpeted.
There is a 8 X 8 ft. deck on the front of the home and a 12 X 26 ft. deck on the back of the home.
It has a 2 car attached garage. The homes sq. footage is 1,485.
There is an above ground pool in the back yard, average landscaping, concrete drive.  There are  a variety
of older homes in the area as well as commercial and light industrial businesses on this main highway.
The home sits directly on M-90 (Peck Rd.) which is a very busy road with a lot of heavy truck traffic
coming to and from the industries in Croswell, primary of which is the Pioneer Sugar Co. with it's sugar
beet processing plant just two blocks to the east of this home.
Notable of this processing plant is the heavy odor of cooking the beets which runs through about an 8 month
season each year. Croswell is widely known for the odor of the beet processing plant which has given
Croswell a stigma that is not admired by potential buyers of homes in this area.
It seems that most residents in the town have gotten used to the odor or at least have learned to tolerate it.
Home values in Croswell are lower than neighboring communities because of the sugar beet odor so it is
attractive to lower income buyers who find the home prices appealing.
This home has been kept in very good condition. It is clean and neat inside and out.
The roof is 17 years old and will need to be replaced in the next year or so.
I searched the R.M.L.S. Multi-List site for "sold" homes in the area and have found 36 homes that have sold
in the last 3 years. I have sent this Statistical Market Analysis to you via another E-Mail.
Of these homes the average no. of bedrooms is 3. Average no. of baths is 1.6, average sq. feet is 1,350.
Average garage space was 1.2.  14 of the 36 homes had basements.
Average list price was $40,119. Average Selling price was $36,649. Average time on the market was 149
days.
After careful analysis of these "sold" homes, considering their sq. footage, basement and pool amenities, no.
of bedrooms & baths, age of the homes, location to town and location in town, stated condition of the
homes, current market conditions, buying habits and comparing all of this to the subject home I have
reached the opinion of the market value of this home, given a reasonable time on the market (6 months), to
be between $37,500 and $39,500.
Please feel free to call me with any questions about this analysis or any of the homes in the study at 810-
385-8812.

Sincerely,

Dennis Quinn                          Larry Palleschi, Broker
Premier Properties                    Premier Properties
Lexington, Mi. 48450                  Lexington, Mi. 48450

Exhibit F

Michigan Department of Treasury
2766 (Rev. 11-13)

**L-4260**

# Property Transfer Affidavit

This form is issued under authority of P.A. 415 of 1994. Filing is mandatory.

This form must be filed whenever real estate or some types of personal property are transferred (even if you are not recording a deed). It is used by the assessor to ensure the property is assessed properly and receives the correct taxable value. **It must be filed by the new owner with the assessor for the city or township where the property is located within 45 days of the transfer. If the Property Transfer Affidavit is not timely filed, a statutory penalty applies (see page 2).** The information on this form is NOT CONFIDENTIAL.

| 1. Street Address of Property | 2. County | 3. Date of Transfer (or land contract signed) |
|---|---|---|
| 108 W PECK RD | SANILAC | 02/11/2016 |

| 4. Location of Real Estate (Check appropriate field and enter name in the space below.) | 5. Purchase Price of Real Estate |
|---|---|
| [X] City     [ ] Township     [ ] Village | 88,286.91 |
| CROSWELL | 6. Seller's (Transferor) Name |
| | SANILAC COUNTY SHERIFF |

| 7. Property Identification Number (PIN). If you don't have a PIN, attach legal description. | 8. Buyer's (Transferee) Name and Mailing Address |
|---|---|
| **PIN.** This number ranges from 10 to 25 digits. It usually includes hyphens and sometimes includes letters. It is on the property tax bill and on the assessment notice. | PARTERS FOR PAYMENT RELIEF DE II LLC, 3748 W CHESTER PK STE 103, NEWTOWN SQ, PA 19073 |
| 310-180-006-001-02 | 9. Buyer's (Transferee) Telephone Number |
| | 888-879-4997 |

Items 10 - 15 are optional. However, by completing them you may avoid further correspondence.

| 10. Type of Transfer. Transfers include deeds, land contracts, transfers involving trusts or wills, certain long-term leases and interest in a business. See page 2 for list. |
|---|
| [ ] Land Contract     [ ] Lease     [X] Deed     [ ] Other (specify) _____ |

| 11. Was property purchased from a financial institution? | 12. Is the transfer between related persons? | 13. Amount of Down Payment |
|---|---|---|
| [ ] Yes    [X] No | [ ] Yes    [X] No | |

| 14. If you financed the purchase, did you pay market rate of interest? | 15. Amount Financed (Borrowed) |
|---|---|
| [ ] Yes    [X] No | |

## EXEMPTIONS

The Michigan Constitution limits how much a property's **taxable value** can increase while it is owned by the same person. Once the property is transferred, the taxable value must be adjusted by the assessor in the following year to 50 percent of the property's usual selling price (State Equalized Value). Certain types of transfers are exempt from adjustment. Below are brief descriptions of the types of exempt transfers; full descriptions are in MCL Section 211.27a(7)(a-n). If you believe this transfer is exempt, indicate below the type of exemption you are claiming. If you claim an exemption, your assessor may request more information to support your claim.

[ ] transfer from one spouse to the other spouse

[ ] change in ownership solely to exclude or include a spouse

[ ] transfer is by blood or affinity to the first degree

[ ] transfer of that portion of a property subject to a life lease or life estate (until the life lease or life estate expires)

[X] transfer to effect the foreclosure or forfeiture of real property

[ ] transfer by redemption from a tax sale

[ ] transfer into a trust where the settlor or the settlor's spouse conveys property to the trust and is also the sole beneficiary of the trust

[ ] transfer resulting from a court order unless the order specifies a monetary payment

[ ] transfer creating or ending a joint tenancy if at least one person is an original owner of the property (or his/her spouse)

[ ] transfer to establish or release a security interest (collateral)

[ ] transfer of real estate through normal public trading of stocks

[ ] transfer between entities under common control or among members of an affiliated group

[ ] transfer resulting from transactions that qualify as a tax-free reorganization

[ ] transfer of qualified agricultural property when the property remains qualified agricultural property and affidavit has been filed.

[ ] transfer of qualified forest property when the property remains qualified forest property and affidavit has been filed.

[ ] transfer of land with qualified conservation easement (land only - not improvements)

[ ] other, specify: _____

## CERTIFICATION

*I certify that the information above is true and complete to the best of my knowledge.*

| Signature | Date |
|---|---|
| *John Sweeney* | 2-25-16 |
| Name and title, if signer is other than the owner | Daytime Phone Number | E-mail Address |
| JOHN SWEENEY, VP OF OPERATIONS | 888-879-4997 | |

**Exhibit G**

12/13/2016                         CITY OF CROSWELL          2016

PROPERTY #:      310-180-006-001-02              SCHOOL:              76080
CLASS:           401                             PRE/MBT %:      100.0000
TAXABLE VAL:     37,790                          SEV:                44,000

TAXPAYER:   PARTNERS 4 PAYMENT RELIEF DE II LLC      MORTGAGE CODE:
            3748 W CHESTER PK STE 103
            NEWTOWN SQUARE PA 19073


PROP ADDRESS:   108 W PECK

**SUMMER TAX INFO**                          **WINTER TAX INFO**
AD VALOREM TA       1,068.84                  AD VALOREM TAX:            394.63
SP. ASSMENTS:           0.00                  SP. ASSMENTS:               0.00
ADMIN FEE:             10.68                  ADMIN FEE:                  3.94
INTEREST:              64.13                  INTEREST:                   0.00
TOTAL:              1,143.65                  TOTAL:                    398.57

TOTAL PAID                                    TOTAL PAID
DATE PAID                                     DATE PAID
**BALANCE DUE**     1,143.65                  **BALANCE DUE**           398.57

                **TOTAL BALANCE DUE**        1,542.22

LEGAL DESCRIPTION

W 90 FT OF LOT 1 &, S 20 FT OF LOT 2, BLK 6, ARNOTS ADDN TO CROSWELL.
SPLIT ON 02/02/2000 FROM 310-180-006-001-00;

STATE OF MICHIGAN
IN THE 73-A DISTRICT COURT FOR THE COUNTY OF SANILAC

**PARTNERS FOR PAYMENT RELIEF, DE II, LLC**

      PLAINTIFF

**V**                                                                        **CASE NO. 16-218-LT**

**BILLY G. HAMMOND AND,**                          Honorable David B. Herrington P40360
**ANN MARIE HAMMOND,**

      DEFENDANTS

---

| | |
|---|---|
| *Lesley A. Heonig (P71763)* | *Thomas J. Wilson (P33071)* |
| Atty for Plaintiff | Atty for Defendant |
| 407 E Broadway St. | 7105 County Farm Road |
| Mount Pleasant, MI  48858 | Lexington, MI  48450 |
| (989)773-0900 | (810)359-8235 |

---

**OPINION AND ORDER**

At a session of said Court, held in the County Courthouse, in the
City of Sandusky, County of Sanilac, State of Michigan on the
15th day of February, 2017

Present:  Honorable David B. Herrington (P40360)
District Court Judge


This matter was before the Court with all parties present for the scheduled bench trial and
upon hearing testimony from the parties in this matter;

**It Is Hereby Ordered;**
Pursuant to MCR 4.002(B), the above captioned case shall be transferred from District Court to
the Circuit Court in order to allow for consolidation of this matter with Circuit Court case
number 17-37081-CH.


David B. Herrington (P40360)
Sanilac County District Court Judge
By assignment